# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CORZELL COLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 13 C 6764 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| RANDY PFISTER, Warden, | ) |
| Stateville Correctional Center,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Corzell Cole, currently incarcerated at Stateville Correctional Center, is serving

a thirty-five year sentence for first degree murder and a consecutive term of fifteen years for

attempted first degree murder. Cole has petitioned this Court for a writ of habeas corpus under

28 U.S.C. § 2254. Because Cole's claims that the evidence was insufficient to convict and that

his sentence is unconstitutionally disproportionate are procedurally defaulted, his state-law based

claims are not cognizable in this Court. Additionally, his free-standing actual innocence claim is

not recognized in this Circuit. Thus, the Court denies his petition for a writ of habeas corpus.

## BACKGROUND

The Court will presume that the state courts' factual determinations are correct for the

purposes of habeas review, as Cole has not pointed to clear and convincing evidence to the

contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The

Court thus adopts the state courts' recitation of the facts and begins by summarizing the facts

relevant to the petition.

---

[1] Randy Pfister is presently the warden at Stateville Correctional Center and is substituted as the proper Respondent in this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Bridges v. Chambers*, 425 F.3d 1048, 1049–50 (7th Cir. 2005); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I.     Cole's Trial, Conviction, and Sentencing

On November 7, 2003, following a jury trial, a judge sentenced Cole to thirty-five years' imprisonment for first degree murder and fifteen years' imprisonment for attempted first degree murder, to be served consecutively. The jury found Cole guilty of the November 1, 2002 murder of David L. Woods, Sr. ("Woods") and the attempted murder of Sheena Woods ("Sheena"), his daughter, on an accountability theory. On that day, Cole was driving a car in Joliet, Illinois, and his passenger, Travaris Guy ("Guy"), fired four shots into a van driven by Woods.

The evidence at trial showed that Cole pulled the car next to the van when it stopped at a traffic light. Cole positioned the car with its front bumper just behind the front driver's side window of the van. Woods was driving the van, with his daughter Sheena in the backseat, Sheena's cousin David in the front seat, and David's girlfriend Constance in the backseat as well. Sheena recognized Cole and Guy as the driver and passenger of the car. She testified that her father opened his door and looked out to see who was in the car. Sheena stated that as soon as the occupants of the van noticed the car, Guy began shooting. Sheena saw that her father had been shot and was bleeding from the mouth. She tried to get onto the van floor with him and was shot herself. Cole then made a left turn through the intersection. Cousin David took the steering wheel of the van and drove the van toward the hospital. When the van ran out of gas, an ambulance took the passengers to the hospital. Woods was dead on arrival.

Cole had been driving a rental car loaned to him by Ronald Guy, Guy's cousin. The afternoon following the shooting, Ronald Guy parked the vehicle in a McDonald's parking lot. Cole's fingerprints were found in the car.

About one week after the shooting, police arrested Cole in Colorado for marijuana possession. When arrested, Cole gave a false name and birth date. However, when Cole

overheard that the police planned to send his fingerprints to the FBI, he gave the police his real identity and told them that the police in Joliet were looking for him.

Cole presented no evidence in defense. The jury found Cole guilty of first degree and attempted first degree murder on an accountability theory.

At sentencing, the trial judge stated that he considered the aggravating and mitigating factors in the case, including Cole's age, the fact that he was not the shooter, and Cole's criminal history, which included a prior felony conviction. The judge found that the shooting would not have occurred without Cole's participation. The judge sentenced Cole to thirty-five years in custody for the murder of Woods and fifteen years for the attempted murder of Sheena, to be served consecutively. The judge subsequently denied Cole's motion for reconsideration of the sentence.

Guy was a fugitive during Cole's trial. He was later caught and tried. Guy argued that he shot at the van in self-defense. Guy was convicted of the second degree murder of Woods and the attempted murder of Sheena. A judge sentenced him to consecutive prison terms of thirty years for each crime.

## II.    Direct Appeal

Cole raised the following claims on direct appeal:

(1)     the state failed to prove beyond a reasonable doubt that Cole had the intent to promote or facilitate the offenses;

(2)     the trial court abused its discretion and deprived Cole of a fair trial by requiring him to wear a stun belt;

(3)     the trial court failed to admonish Cole pursuant to Illinois Supreme Court Rule 605(a); and

(4)     the trial court abused its discretion by imposing consecutive sentences of thirty-five and fifteen years that failed to take into account Cole's youth and conviction on an accountability theory.

Addressing only the stun belt issue, the Illinois Appellate Court remanded. However, before the case was retried, the Illinois Supreme Court issued a supervisory order vacating the appellate court's decision and instructing it to reconsider in light of new precedent on the stun belt issue. In its second opinion dated December 14, 2006, the Appellate Court affirmed Cole's conviction and sentence, determining that the trial court properly examined the facts in favor of accountability, which meant the evidence was not closely balanced and plain error review did not apply to the stun belt issue.

Cole filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court, arguing that (1) the Appellate Court overlooked evidence in finding the case was not a close call such that plain error review of the stun belt issue was warranted; and (2) the Supreme Court should remand for the proper post-sentencing admonishments because Cole had a significant sentencing issue on reconsideration: that the actual shooter was convicted of second degree murder and will serve less time (considering good time) than Cole. The Illinois Supreme Court denied the PLA on March 28, 2007.

### III. State Post-Conviction Proceedings

Cole filed a *pro se* post-conviction petition in the Circuit Court of Cook County pursuant to 725 Ill. Comp. Stat. 5/122-1 in September 2007. Cole argued that he was actually innocent, based on Guys' newly discovered affidavit, in which he asserted self-defense. Guy's testimony was, in essence, that Woods pointed a gun at him and so he fired back. The trial court dismissed Cole's petition on the grounds that it was frivolous and patently without merit. Cole appealed that dismissal, arguing that the petition did allege the gist of a due process claim under the Illinois constitution. The Illinois Appellate Court reversed and remanded for second stage

proceedings on Cole's post-conviction petition, finding that the Guy affidavit created the gist of a claim of actual innocence.

Cole filed an amended post-conviction petition on remand, adding ineffective assistance of counsel and witness perjury claims. The trial court dismissed Cole's petition after second-stage review, finding the Guy affidavit was not of such a convincing nature that it would have changed the outcome of the trial and was submitted when Guy "had nothing to lose." Doc. 23, Ex. E ¶ 13. The Illinois Appellate Court affirmed, finding that it was not error to dismiss at the second stage when the new evidence was not of such a conclusive nature that it would probably change the result at trial. The court also noted that Cole abandoned all claims except actual innocence in his appeal. One justice dissented and would have remanded for a third-stage evidentiary hearing on the theory that Guy's affidavit did create a fact issue on Cole's intent. Cole filed a PLA arguing that the Appellate Court's decision was in conflict with well-established Illinois precedent on the standards for second-stage post-conviction review and that by taking up his appeal, the Supreme Court would have the opportunity to refine the definition of "substantial showing," and that the court made improper credibility findings concerning the affidavit. On March 27, 2013, the Illinois Supreme Court denied the PLA.

Cole did not file a petition for a writ of certiorari with the United States Supreme Court but timely filed his federal habeas corpus petition with this Court.

## LEGAL STANDARD

A habeas petitioner is entitled to a writ of habeas corpus if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(1)–(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court]." *Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). An "unreasonable application" of federal law occurs if the state court correctly identified the legal rule but unreasonably applied the controlling law to the facts of the case.  *See id.* at 407.

## ANALYSIS

Cole has asserted four grounds for relief that overlap in many respects.  The Court understands these grounds to present the following claims for relief:

(1)     his conviction violates due process because the evidence was insufficient to convict under an accountability theory;

(2)     his sentence violates due process because the Illinois Appellate Court failed to remand for the proper post-sentencing admonishments;

(3)     his fifty-year sentence is cruel and unusual under the Eighth Amendment and in violation of due process because it is disproportionate to Guy's sixty year sentence for second degree murder and attempted murder;

(4)     the Illinois courts violated his constitutional rights by applying the incorrect standard at post-conviction second stage proceedings and improperly making credibility determinations; and

(5)     he is actually innocent.

Respondent argues that any claims by Cole based on the application of Illinois law are not cognizable on federal habeas review.  Respondent also argues that the sufficiency of the evidence and disproportionate sentence claims are procedurally defaulted because they were not presented through one complete round of state court review and the actual innocence claim is too weak to excuse this default.  Alternately Respondent argues that these issues were reasonably

decided by the state courts and therefore this Court should not review them, per § 2254(d). As for the actual innocence claim, Respondent argues that this claim is barred by Seventh Circuit law and § 2254(d), but even if considered on the merits, Cole cannot meet the burden to show actual innocence.

## I.        Sufficiency of the Evidence and Disproportionate Sentence Claims

### A.        Sufficiency of the Evidence Claim

Respondent argues that Cole procedurally defaulted the sufficiency of the evidence and disproportionate sentence claims (Claims One and Three, above) because he did not present them through one complete round of state court review. Cole argues that his initial PLA on direct appeal presented the sufficiency of the evidence claim, although it was not specifically addressed by the Illinois Supreme Court, and, although he did not cite to the federal Constitution, he clearly alleged due process and equal protection claims.

A petitioner must fairly present his claims to all levels of the Illinois courts to avoid procedural default. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To be "fairly presented," a petitioner must present the claim through one complete round of state court review, either on direct appeal or in post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). In Illinois, this means the issue must have been appealed up to and including the filing of a PLA to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 845–46; *Duncan v. Hathaway*, 740 F. Supp. 2d 940, 945 (N.D. Ill. 2010). When a petitioner has failed to present his federal claim to the state courts and the opportunity to raise that claim has subsequently passed, the petitioner has procedurally defaulted the claim and it is not available for federal habeas review. *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009).

Respondent argues that Cole did not raise sufficiency of the evidence as a free-standing issue in his direct appeal PLA. Rather, Respondent asserts that Cole discussed sufficiency of the evidence in the context of his stun belt claim, to argue that the evidence was "closely balanced" and so the plain-error rule should apply to the stun belt claim on appellate review. Doc. 23, Ex. J at 6–8. Therefore, Respondent concludes, the Illinois Supreme Court did not have fair notice to review the sufficiency of the evidence claim outside of the stun belt claim. Cole responds that the Illinois courts knew that he was bringing federal due process and equal protection claims.

A petitioner "must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court." *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984). This requires the petitioner present his claim "in such a way as to fairly alert the state court to any applicable constitutional grounds for the claim." *Id.* This can be done, "for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). In determining whether a petitioner has sufficiently alerted the state courts to the constitutional nature of his claims, the Court looks to whether the petitioner "(1) relied on relevant federal cases applying constitutional analysis; (2) relied on state cases applying federal constitutional analysis to a similar factual situation; (3) asserted the claim in terms so particular as to call to mind a specific constitutional right; and (4) alleged a pattern of facts that is well within the mainstream of federal constitutional litigation." *White v. Gaetz*, 588 F.3d 1135, 1139 (7th Cir. 2009).

Cole did not fairly present sufficiency of the evidence as a federal constitutional claim to the Illinois courts. In his initial briefs on appeal, Cole presents a sufficiency of the evidence

claim based solely on Illinois law and does not even hint at an Illinois state, much less a federal, constitutional claim. Cole cites no federal cases or any state cases applying federal constitutional analysis. There is nothing in the briefs to indicate his claim is one for a federal due process or equal protection violation. In its initial decision on direct appeal, the Illinois Appellate Court acknowledged sufficiency of the evidence as a separate claim, but analyzed only the stun belt issue. The court did, however, specifically state: "we do note that we find that the evidence was sufficient to support the defendant's convictions." Doc. 23, Ex. A at 4. Before the case returned to the trial court, the Illinois Supreme Court issued a supervisory order instructing the Appellate Court to reconsider its decision in light of recent precedent on the stun belt issue. The Appellate Court then issued its second decision affirming the conviction and sentence, finding that the trial court properly examined the factors for accountability and that the evidence was sufficient to find Cole guilty beyond a reasonable doubt on accountability. The Appellate Court did not construe this claim as constitutional or include any discussion of federal constitutional issues. It did not cite federal cases and the state cases that it cited do not discuss or cite federal constitutional cases.

In his PLA, Cole presented two claims, one of which is relevant here:

(1)     By Overlooking Crucial Evidence, The Appellate Court Erred in Finding That Corzell Cole Was Shown to Be Accountable for First Degree Murder and Attempt First Degree Murder and That this Was Not a Close Case So as to Permit Review of a Stun-belt Issue under the Plain-error Rule. Specifically, the Appellate Court Overlooked Crucial Evidence Which Supported the Defense Theory that Travaris Guy Spontaneously Fired Four Gunshots from a Car Defendant Was Driving Towards a Van Stopped at a Traffic Light *after* the Driver of the Van, David L. Woods, Opened the Van Door and Looked at Guy. Moreover, the Appellate Court Overlooked Evidence Introduced by the State from a Taxi Driver Which Showed the State Witnesses Were Lying and Supported the Defense Theory That David L. Woods Had a Gun When He Opened the Van Door. The Appellate Court's Findings are Unjust Particularly since Guy Was Subsequently Convicted of *Second* Degree Murder for this Homicide Based on His Unreasonable Belief in Self-defense. Thus this Court Should Allow this Petition in the Interests of Justice.

Doc. 23, Ex. J at 2. Cole argued this claim—that the evidence was not close so plain error review of the stun belt issue was warranted—solely on the basis of state law. Cole made one mention of a constitutional issue, arguing that the stun belt was a due process violation. *Id.* at 8 ("Yet, because the appellate court ignored the defense theory and the crucial evidence supporting it, the due process violation which occurred in this case by requiring defendant to wear an electronic stun belt at his jury trial was not reviewed.").

Cole did not present, and it is clear the Illinois courts did not understand, the sufficiency of the evidence claim to be a federal constitutional claim. *See, e.g., United States ex rel. Jackson v. Page*, 972 F. Supp. 1140, 1152–53 (N.D. Ill. 1997) (finding fair presentment when petitioner cited the Fourteenth Amendment, federal cases, set out the appropriate federal standard, and cited state cases that relied on federal constitutional analysis); *Stephenson v. Levenhagen*, No. 3:07-CV-539-TS, 2014 WL 4906195, at *26–27 (N.D. Ind. Sept. 30, 2014) (finding fair presentment when petitioner cited *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), and made constitutional arguments). "Simply asserting that the state has failed to prove guilt beyond a reasonable doubt does not automatically raise a federal *Jackson v. Virginia* claim." *Jackson*, 972 F. Supp. at 1151 (citing *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (per curiam) (raising a state law claim that is similar to a federal claim is not fair presentment of the federal claim)). And although the Seventh Circuit has found fair presentment of a claim that was embedded within another claim, there the petitioner made it clear that he was seeking review of the constitutional claim by citing the appropriate federal standards and cases and detailing the facts. *See Malone v. Walls*, 538 F.3d 744, 754 (7th Cir. 2008) (finding fair presentment when petitioner "set forth not only the factual basis for his claim,

but also the operative legal standard for evaluating the facts presented"). That was not the case here.

Cole also argues that the Illinois Supreme Court's issuance of the supervisory order and the PLA denying his direct appeal were unreasonable determinations of the facts in violation of § 2254(d)(2). However, this Court must first address procedural default and if Cole has procedurally defaulted the claim, cannot consider the merits of the claim. *See Bowers v. Buss*, 422 F. Supp. 2d 985, 987 (N.D. Ind. 2006) ("Modern habeas corpus law establishes several technical doctrines, including exhaustion, procedural default, and the statute of limitations, which a court must consider before reaching the merits of an applicant's claims."). Therefore the Court does not reach Cole's § 2254(d)(2) argument.

The Court finds that Cole has procedurally defaulted his sufficiency of the evidence claim (Claim One).

**B.     Disproportionate Sentence Claim**

Respondent argues that Cole has likewise procedurally defaulted his claim that his sentence is disproportionate to that of Guy and therefore violates the Eighth Amendment because Cole presented this claim to the Illinois courts as a state law issue. Cole argues that he did not default and presented this claim in the PLA.

On direct appeal, Cole argued that his sentence failed to take into account his youth and the fact that this was an accountability verdict. In his PLA on direct appeal, Cole framed this issue as a request for a remand for proper post-sentencing admonishments, because he had a significant sentencing issue: that the shooter was convicted of second degree murder and would serve less time in custody considering good time credits. Similar to his sufficiency of the evidence claim, Cole cited no federal constitutional cases or state cases applying federal

11

constitutional analysis in his arguments to the Illinois courts. *See White*, 588 F.3d at 1139;

*Thomas v. Hodge*, No. 08 C 00819, 2013 WL 6797413, at *11 (N.D. Ill. Dec. 23, 2013) (finding

similarly framed excessive sentence claim procedurally defaulted). Rather, Cole framed this

claim as one for an excessive sentence under Illinois sentencing law. Cole's claim that Guy, the

shooter, will end up serving less time does not "call to mind a specific constitutional right" or

allege a familiar federal constitutional pattern of facts such that the Illinois courts must have

understood Cole to be asserting a federal constitutional claim and have had the opportunity to

address it accordingly. *See White*, 588 F.3d at 1139; *see also Graham v. Florida*, 560 U.S. 48,

87, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (Roberts, C.J., concurring) (examining the

Supreme Court's "narrow proportionality principle" and explaining, "the Eighth Amendment

does not require strict proportionality between crime and sentence; rather, it forbids only extreme

sentences that are grossly disproportionate to the crime" (citation omitted) (internal quotation

marks omitted)). Cole's argument that he was sentenced to less overall time, but will likely

serve more due to Guy's good time credits, did not necessarily alert the Illinois courts that he

was bringing a federal disproportionality constitutional claim that required the court to compare

his crime to the punishment he received, i.e. "a threshold inquiry that compares the gravity of the

offense and the harshness of the penalty," taking into account the offender's mental state and

motive, harm to the victim and society, and his prior criminal history. *Graham*, 560 U.S. at 88.

Cole did not even argue this as an Illinois constitutional issue.

The Court finds that Cole procedurally defaulted his disproportionate sentence claim

(Claim Three) as well.

## C.    Excuse of the Default

Respondent further argues that Cole's claim of actual innocence cannot serve to excuse the default of these claims because reasonable jurors could still have convicted him even considering Guy's self-defense affidavit. Cole argues that Guy's 2005 affidavit and testimony at his own trial are proof that Cole is actually innocent of first degree murder on an accountability theory.

A petitioner may nonetheless pursue a procedurally defaulted claim if he can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Johnson v. Loftus*, 518 F.3d 453, 455–56 (7th Cir. 2008). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999) (citation omitted) (internal quotation marks omitted). Prejudice exists where the petitioner shows that the violation of his federal rights "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lewis*, 390 F.3d at 1026 (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)). The fundamental miscarriage of justice exception is "limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). This requires new, reliable evidence of the petitioner's innocence in light of which "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

"This standard is fundamentally different, and lower, than that for a substantive innocence claim because the procedural claim of innocence is accompanied with an assertion of constitutional error at trial." *Coleman v. Hardy*, 628 F.3d 314, 319 (7th Cir. 2010) (citation omitted) (internal quotation marks omitted).

Cole does not argue cause and prejudice. Rather, he argues that this Court should excuse his default because he is actually innocent and to hold otherwise would be a miscarriage of justice. Cole states that Guy's self-defense testimony shows that there was no plan to shoot Woods and therefore Cole could not form the required intent for responsibility on an accountability theory. Cole argues that Guy's conviction for second, not first, degree murder shows the clear effect this evidence had on a jury. Cole further states he did not know that Guy had a gun when he picked him up that day and that, coupled with Guy's self-defense testimony, means he could not have formed the intent necessary to aid and abet first degree murder. Respondent replies that the jury could reasonably have disregarded Guy's self-serving self-defense testimony, especially considering the evidence that Guy and Cole acted together afterwards to dispose of the car and flee the state.

An actual innocence claim requires new, reliable evidence of innocence so persuasive that "no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." *Woods*, 589 F.3d at 377. Guy's testimony that the van driver had a gun and therefore he shot in self-defense convinced the jury to find him guilty of second degree, not first degree murder. However, the Court cannot say that Cole's jury should have credited this testimony over the evidence of Cole's participation in the crime, including Cole's positioning of the vehicle next to the van.

Respondent makes much of Cole's actions after the shooting, which included driving the car away from the scene, returning the vehicle to Guy's cousin, fleeing with Guy to Colorado, giving false identification to the police when arrested in Colorado, and not reporting the crime. Under the Illinois aiding and abetting statute, "[a] person is legally accountable for the conduct of another when: . . . (c) either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he or she solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense." 720 Ill. Comp. Stat. § 5/5-2 (2010). "[A] defendant's intent to aid in the commission of a crime by another person may be shown by evidence of a common criminal plan or design in which the defendant joined." *Monroe v. Davis*, 712 F.3d 1106, 1120 (7th Cir. 2013). Cole's actions after the crime, including remaining with the shooter, fleeing the state, and not reporting the crime, may be considered as evidence that, in conjunction with other facts, supports an inference of intent and a common design. *See id.* at 1122.

But even without considering any post-crime evidence, the Court cannot say that no reasonable jury would find Cole guilty even with Guy's testimony. The Court acknowledges that Cole has consistently argued that the shooting was not planned and the encounter at the stop light was accidental. However, the shooter's own testimony that he fired in self-defense does not rise to the level of "documentary, biological (DNA), or other powerful evidence" that can overcome the procedural default in this case. *See Hayes v. Battaglia*, 403 F.3d 935, 937–38 (7th Cir. 2005) (six additional alibi witness affidavits not sufficient to support an actual innocence claim against six prosecution witnesses); *see also Smith v. McKee*, 598 F.3d 374, 388 (7th Cir. 2010) (finding affidavits of two witnesses—one of whom testified that petitioner was not the shooter and the other gave him an alibi—was not enough to support an actual innocence claim

over two eyewitnesses and a self-incriminating statement); *Carter v. Ryker*, No. 10 C 3783, 2011 WL 589687, at *6 (N.D. Ill. Feb. 9, 2011) (affidavit from shooter that petitioner was not involved (among other new evidence) was not enough for actual innocence, when petitioner presented same defense at trial).

Cole's procedural default of these two claims is not excused by this new evidence. Cole has defaulted Claims One and Three; therefore, they are unreviewable by this Court.

## II.     State Law Claims

Respondent argues that Cole's claims based on state law are not appropriate for review at the federal habeas stage. Cole's claims based on state law are Claim 2, that his sentence violates due process because the Illinois Appellate Court failed to remand for the proper post-sentencing admonishments, and Claim 4, that the Illinois Court violated Cole's constitutional rights by applying the incorrect standard and improperly making credibility determinations at the second-stage post-conviction proceedings. In both of these claims, Cole asks this Court to review a state court's decision applying state law (either sentencing procedure or the standard of review for state post-conviction proceedings) and that is not a cognizable ground for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Although Cole characterizes these claims as those for "due process" and "equal protection," the substance of this claim is a review of the Illinois state court's decisions on procedure and standards of review, which is not appropriate for federal habeas. *See Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995) (labeling of claim "due process" cannot convert state law claim into federal constitutional claim).

This Court finds that it cannot review Claims Two and Four.

16

## III.    Actual Innocence Claim

Cole also brings a separate claim of actual factual innocence (Claim Five) based on Guy's affidavit and testimony of self-defense and the lack of other evidence of intent for first degree murder.  Respondent argues that the Seventh Circuit does not recognize claims of actual innocence based on newly discovered evidence and, in addition, because the Illinois Appellate Court rejected this claim on the merits and the United States Supreme Court has not decided whether actual innocence implicates a constitutional right, the state court cannot be said to have unreasonably applied clearly established federal law under § 2254(d)(1).  Finally, Respondent argues that Cole cannot meet the high standard that the Supreme Court has suggested would apply in actual innocence cases.

In *Herrera v. Collins*, the Supreme Court held that a claim of actual innocence based on newly discovered evidence is not "a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  506 U.S. 390, 400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).  Since *Herrera,* the Supreme Court has "struggled with" the question of whether a "freestanding claim" of actual innocence can be the basis for federal habeas relief.  *McQuiggin v. Perkins*, -- U.S. ---, 133 S. Ct. 1924, 1931, 185 L. Ed. 2d 1019 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009) ("Whether such a federal right exists is an open question.  We have struggled with it over the years, in some cases assuming, *arguendo*, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet.").  However, courts in this Circuit recognize *Herrera* and routinely reject such claims by petitioners.  *See Newkirk v. Anglin*, No. 13

C 9114, 2014 WL 2110224, at *3 (N.D. Ill. May 20, 2014) ("[T]he Supreme Court has

concluded that actual innocence is not itself a constitutional claim, but instead a gateway through

which a habeas petitioner must pass to have his otherwise barred constitutional claim considered

on the merits." (internal quotation marks omitted)); *United States ex rel. Newell v. Chandler*, No.

08 CV 3711, 2009 WL 3366971, at *2 (N.D. Ill. Oct. 15, 2009) ("A free-standing claim of actual

innocence, as Petitioner asserts in ground one, is not itself a constitutional claim cognizable on

*habeas* review."); *Milone v. Camp*, 22 F.3d 693, 700–01 (7th Cir. 1994) (noting, "[t]he Supreme

Court appears willing to hold that it is unconstitutional to execute a legally and factually

innocent person, while at the same time suggesting that the petitioner's evidentiary burden in

such a case would necessarily be extraordinarily high" (citations omitted) (internal quotation

marks omitted)).  Although a claim of actual innocence may sometimes excuse procedural

default, as discussed above, it does not stand as its own claim for federal habeas relief.[2]

---

[2] Cole supports his actual innocence claim with an argument that the Illinois Appellate Court ignored
certain trial testimony that, he states, undermines his guilt and therefore the court made an "unreasonable
determination of the facts in light of the evidence," requiring habeas relief under § 2254(d)(2).  At the
second-stage of Illinois state post-conviction proceedings, the Appellate Court reviews a petition to
determine if it made a "substantial showing of a constitutional violation."  *Davis v. Lambert*, 388 F.3d
1052, 1060 (7th Cir. 2004).  Cole presented a claim of actual innocence based on Guy's self-defense
affidavit that the Appellate Court rejected.  For the reasons discussed above, the state court's finding that
a jury could disregard Guy's testimony as self-serving was reasonable.  The § 2254(d)(2) analysis "relates
to pure questions of fact," and the state court's determination of the facts is presumed correct unless the
petitioner presents "clear and convincing evidence" otherwise.  *See United States ex rel. Hayes v.
Hartwig*, No. 99 C 3536, 2000 WL 782933, at *7 (N.D. Ill. June 15, 2000).  Cole is attempting to
shoehorn a review of the Appellate Court's rejection of his actual innocence claim into a § 2254(d)(2)
claim, but he does not present any real factual dispute.  Rather, he is arguing that the Appellate Court
should have credited certain witnesses or evidence over others.  This is not a challenge to the Appellate
Court's factual findings and therefore not a proper § 2254(d)(2) claim.  *See Prince v. Parke*, 114 F.3d
1192 (Table), 1997 WL 210419, at *1 (7th Cir. 1997) ("The Indiana Court of Appeals reached the merits
of Prince's Sixth Amendment claim.  In so doing, the court did not resolve any factual disputes and
therefore we need not concern ourselves with § 2254(d)(2); we review the court's opinion under
§ 2254(d)(1).").  And, as discussed above, because the Supreme Court has expressly declined to decide
whether actual innocence is a right cognizable on federal habeas review, the Illinois Appellate court could
not have unreasonably applied clearly established Supreme Court precedent under § 2254(d)(1).  *See
Wright v. Van Patten*, 552 U.S. 120, 125–26, 128 S. Ct. 743, 169 L. Ed. 2d 583 (2008) ("Because our
cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said

The Court cannot review Cole's claim of actual innocence, Claim Five.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. With respect to claims of constitutional violations denied on their merits, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds that there can be no showing of a substantial constitutional question for appeal, as reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85)). Accordingly, the Court declines to issue a certificate of appealability.

---

that the state court unreasonably applied clearly established Federal law." (citation omitted) (internal quotation marks omitted)).

**CONCLUSION**

For the foregoing reasons, the Court denies Cole's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

The Court advises Cole that this is a final decision ending his case in this Court. If Cole wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). Cole need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. Motions for reconsideration serve a limited purpose and are only appropriate to bring to the Court's attention a manifest error of law or fact or newly discovered evidence. *Bordelon v. Chicago Sch. Reform Bd. of Trs*., 233 F.3d 524, 529 (7th Cir. 2000). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Ins. Co. of the W*., 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc*., 56 F.3d 825, 828 (7th Cir. 1995))).

However, if Cole wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. See Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of

the judgment or order.  See Fed. R. Civ. P. 60(c)(1).  The time to file a Rule 60(b) motion cannot

be extended.  See Fed. R. Civ. P. 6(b)(2).  A Rule 60(b) motion suspends the deadline for filing

an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of

the entry of judgment.  See Fed. R. App. P. 4(a)(4)(A)(vi).


Dated: March 27, 2018

                                                _____
                                                SARA L. ELLIS
                                           United States District Judge